IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| TEMPLO EL SALVADOR ASSEMBLY OF GOD § § §<br>Plaintiff §<br>§<br>V. §<br>§   CIVIL ACTION NO. 1:15-cv-138<br>§           (Jury Requested)<br>CHURCH MUTUAL INSURANCE §<br>COMPANY AND JAY ADAME §<br>§<br>Defendants. § | |

**CHURCH MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Church Mutual Insurance Company ("Church Mutual") files this Notice of Removal to the United Stated District for the Southern District of Texas, Brownsville Division, and respectfully shows the following:

**I. Summary of Removal**

1.     Defendant Church Mutual Insurance Company ("Church Mutual") seeks to remove this cause action from the County Court at Law No. 1 of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.  Church Mutual has met all of the requirements of 28 U.S.C. § 1441, as there is complete diversity between itself and Plaintiff Templo El Salvador Assembly of God ("Templo El Salvador").  Church Mutual is a citizen of the state of Wisconsin.  Templo El Salvador is a citizen of the State of Texas.  For removal purposes the citizenship of Co-Defendant Jay Adame ("Jay Adame") should be disregarded as he has been improperly or fraudulently joined.  Thus, this Court should grant removal of this action to Federal Court.

## II. Removal Exhibits

2.  In support of its Notice of Removal, Church Mutual attaches the following exhibits, and incorporates the same herein by reference:

Exhibit A   Index of Matters Filed with Notice of Removal;

Exhibit B   Case Summary (6/25/2015);[1]

Exhibit C   Plaintiff's Original Petition (6/25/2015);

Exhibit D   Return by County Clerk – Church Mutual Insurance Company (6/25/2015);

Exhibit E   Defendant Church Mutual Insurance Company's Original Answer (7/06/2015); and

Exhibit F   List of Counsel of Record.[2]

## III. Procedural Background

3.  On June 25, 2015, this civil action was commenced in the County Court at Law No. 1 of Cameron County, Texas under Cause No. 2015-CC L-00654; *Templo El Salvador Assembly of God v. Church Mutual Insurance Company and Jay Adame.*

4.  Templo El Salvador seeks damages related to a property insurance policy issued by Church Mutual that was in effect when Templo El Salvador's property was allegedly damaged on or around June 10, 2014 in a storm. Templo El Salvador makes numerous allegations against both Church Mutual and Jay Adame such as allegations that they failed to fairly evaluate and adjust Templo El Salvador's claim, failed to property investigate the claim, wrongfully denied coverage, engaged in unfair settlement practices and failed to adequately compensate Templo El Salvador under the policy. *See* Exhibit C at pgs. 4 to 6, ¶ H to ¶ T.

---

[1] The Case Summary is a substitute for the docket sheet as County Court at Law 1 of Cameron County, Texas does not generate docket sheets due to electronic filing.

[2] Pursuant to Local Rule 81, Church Mutual has not attached the Citation for Jay Adame as it has not been served on Mr. Adame according to the records of the County Clerk for Cameron County, Texas.

Templo El Salvador alleges causes of action for breach of contract, violation of section 542 (i.e. Chapter 542 of the Texas Insurance Code), DTPA claims, unfair insurance practices and breach of the duty of good faith and fair dealing.  *Id.* at pgs. 7 – 12, section VII.

5.  Church Mutual was served with a copy of the citation and Templo El Salvador's Original Petition on July 1, 2015.  *See* Exhibit D.  Jay Adame has not been served with a copy of the citation or Templo El Salvador's Original Petition as of the filing of this Notice of Removal.  Church Mutual now seeks to remove this case to federal court pursuant to 28 U.S.C. § 1441.

### IV. Argument and Authorities

**A.    Legal standard for removing cases**

6.  A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S. § 1441).  The removing party bears the burden of establishing that a state-court suit is removable to federal court.  *Id* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995)).  To determine whether there is removal jurisdiction, the claims in the state court petition are considered as they existed at the time of removal.  *Manguno*, 276 F.3d at 723.  Doubts about the propriety of removal are to be resolved in favor of remand.  *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

**B.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332**

  **1.  There is complete diversity between Templo El Salvador and Church Mutual**

7.  Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where there is diversity of citizenship and the matter in controversy exceeds $75,000 exclusive of interests and costs.  If federal jurisdiction is based on diversity of

citizenship under 28 U.S.C. § 1332, a case is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b).

8. Templo El Salvador is a non-profit corporation in the State of Texas, with its principal place of business located in Cameron County, Texas. Church Mutual is duly organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Lincoln County, Wisconsin. Accordingly there is complete diversity between Templo El Salvador and Church Mutual. According to Templo El Salvador's Original Petition, Jay Adame is a Texas resident defeating diversity jurisdiction; however, Jay Adame's citizenship is irrelevant and should be disregarded for removal purposes, because he has been improperly joined to this lawsuit to defeat diversity jurisdiction.

### 2. Jay Adame is improperly joined to defeat diversity jurisdiction, because there is no reasonable basis of recovery under Texas law

9. A case may be removed to federal court despite the presence of a resident defendant if the removing defendant shows that the resident defendant was improperly or fraudulently joined. *Salazar v. Allstate Texas Lloyds's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006). In any case involving an improperly or fraudulently joined party, written consent for removal of the improperly or fraudulently joined party is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). If the removing party is not claiming actual fraud in the pleading of the jurisdictional

4

facts, the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a non-diverse defendant. *Id*. Stated differently this means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Id*.

10. The standard for evaluating a claim of improper or fraudulent joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007); *Johnson v. Zurich American Ins. Co.*, 2011 WL 3111919 (N.D. Texas, 2011). "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 665. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 574. The petition as filed in state court controls the inquiry, thus any post removal filing may not be considered when or to the extent they present new causes of action or theories. *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 699 (5th Cir. 1999). Templo El Salvador has alleged a cause of action against all of the defendants for "breach of the duty of good faith and fair dealing." *See* Exhibit C at pgs. 11-12. Since Church Mutual is not claiming fraud in the jurisdictional facts alleged in Templo El Salvador's Original Petition, removal is only possible if there is no reasonable basis for recovery against Jay Adame.

        **a.**      **There is no reasonable basis under Texas law for a bad faith claim against Jay Adame**

11. Templo El Salvador's Original Petition alleges Defendants' conduct breached the common law duty of good faith and fair dealing. *See* Exhibit C at pgs. 11-12. However, in an

insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a special relationship. *Id.* (citing *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex. 1994)). Templo El Salvador has not alleged that its relationship with Jay Adame is controlled by or created by any contract, or that its relationship with Jay Adame would give rise to the duty of good faith and fair dealing. Therefore, there is no basis under Texas law for Templo El Salvador's claims against Jay Adame for breach of the duty of good faith and fair dealing.

> **b.  There is no reasonable basis for recovery under Texas law against Jay Adame for violation of Chapter 541 of the Texas Insurance Code.**

12. Templo El Salvador additionally asserts a claim against Jay Adame for violating Section 541.060 of the Texas Insurance Code. *See* Exhibit C at pgs. 10-11. *See* TEX. INS. CODE § 541.060. Templo El Salvador has not provided a reasonable basis for predicting that state law would allow recovery against Jay Adame under Section 541.060 of the Texas Insurance Code. In Templo El Salvador's Original Petition, it includes a mere two sentences of allegations pertaining to Jay Adame's sole conduct. *Id* at pg. 3, ¶¶ F, G (there is a single additional sentence escribing Mr. Adame's purported responsibility to conduct a thorough and reasonable investigation). These few allegations also each expressly state that Mr. Adame was undertaking such conduct "on behalf of Church Mutual." *Id.* Templo El Salvador does not allege even a single cause of action solely against Jay Adame. *Id*. at pgs. 7 – 12.

> **c.  Templo El Salvador's conclusions and undifferentiated liability averments against "Defendants" do not allege or constitute specific actionable conduct against Mr. Adame.**

13. Templo El Salvador recites the overwhelming majority of its allegations against "Defendants" generally. In fact, many of the allegations are recitations of portions of the Texas

6

Insurance Code. Excluding the aforementioned generic statements about Mr. Adame's conduct "on behalf of Church Mutual," Templo El Salvador's Original Petition fails to allege any facts illustrating the particular actions are specifically attributable to Jay Adame individually.

14. Numerous federal courts in Texas have held insurance adjusters were fraudulently joined where plaintiffs alleged "the defendants" committed misrepresentations, violations of the DTPA, violations of the Texas Insurance Code, and other common law violations, but plaintiffs failed to attribute any specific actionable conduct to the adjusters individually. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-CV-165A, 2009 WL 1437837 (N.D. Tex. May 22, 2009); *Moore v. Travelers Indem. Co.*, 3:10-CV-1695-D, 2010 WL 5071036 (N.D. Tex. Dec. 7, 2010); *Hansen v. State Farm Lloyds*, H-01-1457, 2001 WL 34109375 (S.D. Tex. June 29, 2001); *Jones v. State Farm Lloyds*, No. H-01-1505 (S.D. Tex. July 23, 2001); *TAJ Properties, LLC v. Zurich Am. Ins. Co.*, H-10-2512, 2010 WL 4923473 (S.D. Tex. Nov. 29, 2010); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, H-10-4134, 2011 WL 2162321 (S.D. Tex. June 2, 2011); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009); *Lakewood Baptist Church v. Church Mut. Ins. Co.*, No. 3:12-cv-5111-M, 2013 WL 3487588 (N.D. Tex. July 11, 2013).

15. Furthermore, in a somewhat recent opinion, the Northern District of Texas conducted a Rule 12(b)(6) analysis and closely evaluated the viability of claims against an adjuster. *Plascencia v. State Farm Lloyds*, 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014). The Court began by discussing the allegations that were made against both defendants (i.e. the insurer and the adjuster) and specifically noted that "'[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-

7

diverse defendant.'" *Id.* at *11 (citing *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014); *Griggs*, 181 F.3d at 699). The Court also stated it "is giving no effect to the repeated references in the complaint to 'defendants' inasmuch as the court can only speculate as to whether plaintiff intends to refer to [the adjuster] along with [the insurer] in those instances. Obviously, allegations such as the failure to pay plaintiff's claim cannot be directed against [the insurer] inasmuch as there is no allegation that [the adjuster] had any claim-payment obligation." *Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *14.

16. In *Plascencia*, the Court also noted that

> [w]hile some of plaintiff's conclusory allegations against [the adjuster] are couched as factual allegations, a close analysis discloses that they are nothing more than mere conclusions. No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct, bearing in mind that ultimately [the insurer], not [the adjuster], would have made the decision as to whether to pay, and what to pay, plaintiff.

*Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *15. The Court also observed

> [i]n a factually similar case, *Griggs v. State Farm Lloyds*, the Fifth Circuit found significant that the insured-plaintiff's 'factual allegations and his articulation of his legal claims focus solely upon State Farm Lloyd's conduct in the processing and ultimate denial of his claim.' The same is true here. Notwithstanding plaintiff's boilerplate allegations against [the adjuster], plaintiff's focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy.

*Id.*, at *15 – 16 (citing *Id.* (citing *Griggs*, 181 F.3d at 699). The Court "concluded from its Rule 12(b)(6)-type analysis that plaintiff's pleading fails to state a claim against [the adjuster] and that there is no reasonable basis for the court to predict that plaintiff might be able to recover from [the adjuster]." *Id.*, at *16.

17. Like the petitions in the above-referenced cases, the allegations in Templo El

8

Salvador's Original Petition are merely legal conclusions couched as factual allegations with no factual support in the Original Petition. Nowhere in its petition does Templo El Salvador specifically allege that Jay Adame committed any particular act, made any statement, or made any misrepresentation to it of any kind whatsoever that would allow recovery under the Insurance Code. Templo El Salvador instead only identifies "Defendants" or "Defendants Church Mutual and Mr. Adame" in its conclusory allegations contained in its Original Petition. *See e.g.*, Exhibit C at ¶¶ H, J – P, S – U on pgs. 4 – 7 and section VII on pgs. 7 – 12 (Templo El Salvador alleges each cause of action against both Defendants and refers to the acts and/or omissions of "Defendant" or "Defendants Church Mutual and Mr. Adame"). Since all of the allegations against Jay Adame are legal conclusions recast as factual allegations, there are no facts supporting a reasonable basis under Texas law for the recovery against Jay Adame. The only plausible reason for joining Jay Adame in this case is to defeat diversity jurisdiction. For all of these reasons, the Court should disregard Jay Adame's citizenship when determining the complete diversity of the parties and propriety of the removal.

18. Here, as in *Plascencia*, Templo El Salvador lumped Church Mutual and Mr. Adame together in undifferentiated liability averments in the Original Petition. *See id.* In fact, Plaintiff's Original Petition does not contain a single cause of action against only Mr. Adame. *See id.* The Petition also contains a mere three sentences of factual allegations against only Mr. Adame (importantly, as shown, they are conclusory allegations and not specific facts). *See id.* at pg. 3, ¶¶ F, G. Such lumped together allegations do not satisfy the requirement to state specific actionable conduct against Mr. Adame. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *11, 14.

19. Furthermore, the focus of Plaintiff's allegations against Mr. Adame lies in the

9

denial of Templo El Salvador's insurance claim by Church Mutual. *See, e.g.*, Exhibit C at ¶¶ H, O, S and T (stating Defendants wrongfully denied full coverage, "Defendants … refused to fully compensate Plaintiff … under the "Policy," "Defendants … have refused to pay Plaintiff in full …." and "Defendants have failed to and refused to paying Plaintiff for the proper repair of the property"). Despite Templo El Salvador's boilerplate allegations against Mr. Adame, Templo El Salvador's focus and actual complaint arises from Church Mutual's failure to pay the insurance claim. *See* Exhibit C, generally. As such, Plaintiff's Original Petition fails to state a claim against Mr. Adame and there is no reasonable basis for the Court to predict that Plaintiff might be able to recover from him. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *7.

### 3. The amount in controversy exceeds $75,000.00

20. Templo El Salvador's Original Petition expressly states that "the damages described in this petition … exceed an aggregate amount of monetary relief more than $200,000, but not more than $1,000,000." *See* Exhibit C at pg. 12, section IV. Thus, Templo El Salvador seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorney fees. Church Mutual may therefore remove the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### C. All requirements for removal have been met and removal to this Court is proper

21. In accordance with 28 U.S.C. § 1446(b), a defendant timely files its notice of removal within 30 days after receiving a copy of the initial pleading. Church Mutual was served with citation and the Petition on July 1, 2015. *See* Exhibit D. Therefore, removal is timely as this Notice of Removal was filed within the time limits required.

22. The United States District Court for the Southern District of Texas, Brownsville Division is the proper court in which to remove this action pursuant to 28 U.S.C. § 1446(a), in that this civil action is pending in this district and division.

23.     In accordance with the provisions of 28 U.S.C. § 1446(d), Church Mutual is serving written notice upon counsel for Templo El Salvador and is filing a copy of this Notice of Removal with the Clerk of the County Court at Law No. 1 of Cameron County, Texas.

24.     All process, pleadings, orders, and all other filings in the state court action have been attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a), and identified in an index attached as Exhibit A to this removal.

## V.  Jury Demand

25.     Church Mutual made a proper request for a jury trial and paid the requisite jury fee in the State Court Suit and hereby renews its request for a trial by jury.

WHEREFORE Defendant Church Mutual Insurance Company requests that the above entitled action be removed from the County Court at Law No. 1 of Cameron County, Texas, and that this Court take jurisdiction of the case to final judgment in accordance with the laws of the United States.

>                         Respectfully submitted,
>
>                         SHEINESS, GLOVER, & GROSSMAN, L.L.P.
>
>
>                         By:  /s/ Marc A. Sheiness
>                              Marc A. Sheiness
>                              Texas State Bar No. 18187500
>                              Federal Bar No. 2591
>                              4544 Post Oak Place, Suite 270
>                              Houston, Texas 77027
>                              (713) 374-7005 Telephone
>                              (713) 374-7049 Facsimile
>                              Email: msheiness@hou-law.com
>
>                         Attorney for Defendant
>                         CHURCH MUTUAL INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been served on all counsel of record by the CM/ECF system of the Southern District of Texas and/or mail in accordance with the Federal Rules of Civil Procedure and applicable Local Rules on this 27th day of July 2015.

    WILLIAM N. ALLAN, IV
    WES HOLLAND
    ALLAN, NAVA, GLANDER & HOLLAND, PLLC
    825 W. Bitters Road, Suite 102
    San Antonio, Texas 78216
    Telephone: (210) 305-4220
    Telecopier: (210) 305-4219
    serveone@ANGlawfirm.com

                                  /s/ Marc A. Sheiness
                                  MARC A. SHEINESS